UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUZAN CHAMBERS,

Plaintiff,

-against-

EXPERIAN INFORMATION SOLUTIONS, INC. et al,

Defendant.

26-CV-3869 (JHR) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

A status conference was held on September 18, 2026. Plaintiff (pro se) and counsel for Defendants were present. Plaintiff apologized to the Court and opposing counsel for not filing her opposition by August 26, 2026, which was the deadline set at the prior conference, with her input. (ECF 22.) Nor had she met the extended deadline of September 8, 2026 that I ordered on my own initiative. (ECF 23.) Plaintiff explained that she had not met the August 26 deadline because she had medical school exams and that she had been unaware of the extended deadline of September 8. I reminded Plaintiff that Court ordered deadlines are obligations she must meet, and that if she is unable to meet a deadline, she should file a short letter on the docket asking for an extension of time. It appears that Plaintiff did not receive the order extending the deadline to September 8 because she had not, as discussed at the prior conference, filed a change of address on the docket. She indicated that she had tried to do so and that the form was rejected. Plaintiff agreed to provide my courtroom deputy clerk with her new address so that it can be added to the docket.

After consulting with Plaintiff on her schedule, I set a new deadline of **October 2, 2026** for Plaintiff to oppose the pending motion to dismiss. Defendants' reply in further support will be due **21 days** after any opposition by Plaintiff is docketed; any motion to stay discovery by Defendants shall also be due **21 days** after any opposition by Plaintiff to the pending motion to dismiss, or, if no such opposition is filed, by **October 12, 2026**. Plaintiff may oppose any motion to stay discovery within **seven days** after the filing of such a motion. I explained to Plaintiff that

if the Court has not received her opposition by **October 9, 2026** (to allow ample time for mailing), I will consider the motion to dismiss fully briefed and will make my recommendation to Judge Rearden based on my reading of the complaint and knowledge of the law, keeping in mind the deferential standard of review of pro se filings. *See, e.g., Lemon v. Doe (1),* No. 23 CV-4698 (KMK), 2025 WL 2084430, at *1 (S.D.N.Y. July 24, 2025) (deeming motion to dismiss fully submitted where pro se plaintiff failed to respond and communicate with the Court); *Mayo v. Reid*, No. 23-CV-9719 (PMH), 2024 WL 5158212, at *2 (S.D.N.Y. Dec. 18, 2024) (explaining that the Court may decide an unopposed motion to dismiss because "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law"); *Peachey v. Zayaz*, No. 23-CV-06409 (PMH), 2024 WL 4932527, at *1 n.2 (S.D.N.Y. Dec. 2, 2024) (same where pro se plaintiff failed to file opposition papers by the deadline).

The Clerk of Court is respectfully requested to change Plaintiff's address on the docket to the following address:

200 E Roosevelt Rd, Unit 803
Lombard, IL 60148

DATED: September 18, 2026
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**