UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUZAN CHAMBERS,

Plaintiff,

-against-

EXPERIAN INFORMATION SOLUTIONS, INC. et al,

Defendant.

26-CV-3869 (JHR) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Defendant's motion to stay discovery pending a decision on its motion to dismiss the complaint (ECF 5) is before the Court. (*See* ECF 28.) On September 18, 2026, I informed Plaintiff in a conference and a corresponding order that Plaintiff had seven days after the filing of a motion to stay to oppose any such motion. (*See* ECF 27.) Plaintiff has not opposed the motion to stay, so I am considering the motion fully briefed.

Rule 26(c) of the Federal Rules of Civil Procedure permits a court to stay discovery "for good cause shown." When determining whether discovery should be stayed pending a decision on a motion to dismiss, courts consider the breadth of the discovery being sought and the burden of responding to the discovery requests, the strength of the motion to dismiss, and the prejudice to the party opposing the stay. *See, e.g., Richardson v. City of New York*, No. 21-CV-5080 (PAE) (KHP), 2022 WL 2003340, at *1 (S.D.N.Y. June 6, 2022); *Sigma Lithium Corp. v. Gardner*, No. 23-CV-7403 (DEH), 2024 WL 2867504, at *1 (S.D.N.Y. June 4, 2024). The party seeking the stay bears the burden of showing good cause for the stay. *See Psychic Readers Network, Inc. v. A&E Television Networks LLC*, No. 24-CV-8155 (DEH), 2025 WL 1380956, at *1

(S.D.N.Y. May 13, 2025). After reviewing the complaint (ECF 1), the brief in support of the motion to dismiss (ECF 5-1), which Plaintiff, who is proceeding pro se, has not opposed despite having been given many opportunities (*see* ECF 7, 22, 23, 27), I conclude that Defendant has met its burden of showing that there is good cause for the stay.

The parties have not yet exchanged discovery requests, so it is not clear how broad discovery would be. Thus, the scope of the anticipated discovery does not counsel in favor of a stay. *See Richardson,* 2024 WL 2003340, at *1.

The strength of the underlying motion to dismiss counsels in favor of granting a stay, because the motion is "not unfounded in the law." *See id.* at *2; *see also Spencer Trask Software & Info*. Servs*., LLC v. RPost Int'l Ltd*., 206 F.R.D. 367, 368 (S.D.N.Y. 2002). I do not, by this observation, predict the outcome of the motion. However, Defendant's memorandum of law in support of the motion provides substantial arguments for dismissal of the claims set out in the complaint. Those arguments are supported by case law from courts in this Circuit, and so I cannot conclude that Defendant's motion is unfounded in the law. "[I]n resolving a motion to stay discovery, the Court's focus is on whether the defendant makes "a strong showing that the [plaintiffs'] claim[s are] unmeritorious and present[s] substantial arguments for dismissal . . . not whether the arguments will ultimately be successful." *Psychic Readers Network,* 2025 WL 1380956, at *2 (internal quotation marks omitted). Because the motion to dismiss may be dispositive of Plaintiff's claims, which could eliminate the need for discovery, this factor weighs in favor of granting a stay. *See Richardson,* 2024 WL 2003340, at *2.

The lack of any prejudice to Plaintiff from a stay of discovery also counsels in favor of a stay. I am not aware of any undue prejudice: there is no basis to conclude that Defendant will

fail to meet its document preservation obligations, and while memories may fade due to the passage of time, such prejudice is present in virtually every case in which a stay is sought. There is no reason to believe the delay in starting discovery would cause more of that type of prejudice than in any other case where a stay of discovery has been sought, and courts routinely conclude that this type of prejudice does not counsel against granting a stay. *See Psychic Readers Network,* 2025 WL 1380956, at *2.

For the foregoing reasons, Defendant's motion to stay discovery is GRANTED. The Clerk of Court is respectfully requested to terminate ECF 28.

DATED: October 20, 2026
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**